IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT S. LLOYD, # 250886, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv707-MHT |
| | ) (WO) |
| KENNETH JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Robert S. Lloyd ("Lloyd").  Doc. No. 1.[1]

**I.   BACKGROUND**

In December 2006, a Butler County jury found Lloyd guilty of rape in the first degree, in violation of § 13A-6-61, Ala. Code 1975, and sodomy in the first degree, in violation of § 13A-6-63, Ala. Code 1975.  After a sentencing hearing on February 8, 2007, the trial court sentenced Lloyd to consecutive terms of 20 years' imprisonment.

Lloyd appealed, presenting the following claims:

1. His due process rights were violated when the trial court denied his motion requesting a jury trial on his competency to stand trial.

2. The trial court exceeded its authority by "ignoring" the conclusion of the court-appointed psychologist that Lloyd was not competent to stand trial.

3. The trial court abused its discretion by privately contacting the court-appointed psychologist and instructing him to change his evaluation of Lloyd's competence.

4. He was prejudiced by the admission of hearsay testimony at trial.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

*See* Doc. No. 8-6.

On December 14, 2014, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Lloyd's conviction and sentence. Doc. No. 8-8. With specific regard to Lloyd's claim that the trial court improperly contacted the court-appointed psychologist and instructed him to change his evaluation of Lloyd's competence, the Alabama Court of Criminal Appeals held that the claim was not preserved for appellate review because the issue was not raised before the trial court and was raised for the first time on appeal. *Id*. at 9-10. Lloyd did not apply for rehearing in the Alabama Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court. On January 3, 2008, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. No. 8-9.

On February 22, 2008, Lloyd filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure presenting the following claims:

1. The prosecution failed to disclose favorable evidence to the defense.

2. The trial court improperly ordered the court-appointed psychologist to change his evaluation of Lloyd's competency to stand trial.

3. He was denied due process when the trial court denied his request to have his competency determined by a jury.

4. The trial court erred by disregarding the court-appointed psychologist's recommendation to postpone the trial to reevaluate Lloyd's competency.

5. The trial court erred by allowing inadmissible hearsay evidence.

6. His trial counsel rendered ineffective assistance of counsel by (a) failing to move to have the charges against him reduced to sexual assault; (b) failing to move for dismissal of the charges after discovering that physical evidence had been lost; and (c) failing to object to the admission of out-of-court statements by the victim.

7. His appellate counsel rendered ineffective assistance of counsel by failing to properly argue the issue regarding the admission of hearsay evidence.

Doc. No. 8-11 at 8-21.

The State responded to Lloyd's Rule 32 petition, and on May 17, 2011, the trial court entered an order summarily denying the petition. Doc. No. 8-11 at 29-40, 56-57. The trial court found that Lloyd's claims of ineffective assistance of trial and appellate counsel failed to meet the specificity requirements of Ala.R.Crim.P. 32.6(b)[2] as well as the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984).[3] *Id*. at 56. The court found that Lloyd's remaining claims were precluded under Ala.R.Crim.P. 32.2(a)(4) because they were raised on direct appeal. *Id*.

Lloyd appealed from the denial of his Rule 32 petition, arguing that the trial court erred in denying his claim of ineffective assistance of appellate counsel and in summarily denying his petition when he was "tried and convicted while mentally incompetent." Doc. No. 8-12. On January 27, 2012, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Lloyd's Rule 32 petition. Doc. No. 8-14. Lloyd applied for rehearing. *See* Doc. No. 8-10 at 1. On February 24, 2012, the Alabama Court of Criminal Appeals overruled Lloyd's application for rehearing. *Id*. at 1-2. On March 14, 2012, the

---

[2] Rule 32.6(b) provides that each claim in the Rule 32 petition:

> must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Ala.R.Crim.P. 32.6(b).

[3] A claim of ineffective assistance of counsel must be evaluated against the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Alabama Court of Criminal Appeals issued a certificate of judgment. *Id*. at 2. Lloyd did not seek certiorari review in the Alabama Supreme Court.

Lloyd filed a second Rule 32 petition in May 2010, while his first Rule 32 petition was pending in the trial court. *See* Doc. No. 8-16 at 17; Doc. No. 8-20 at 2. The trial court summarily dismissed the petition after Lloyd's *in forma pauperis* application was denied and Lloyd failed to pay the filing fee. *Id*.

On April 30, 2012, Lloyd filed in the trial court what he styled as a "Motion/Request for Forensic DNA Testing," in which he set forth the following claims:

1. He was actually innocent of the offenses of which he was convicted.

2. He was wrongfully convicted because of his mental illness.

3. The prosecution knowingly used perjured testimony to obtain his conviction.

4. The prosecution deliberately suppressed impeachment evidence.

5. The State's evidence was insufficient to sustain his convictions because it was based on the victim's "confused" and "false" testimony.

Doc. No. 8-16 at 7-9. In his motion, Lloyd invoked § 15-18-200, Ala. Code 1975,[4] and requested that the rape kit collected in his case be submitted to the Alabama Department of Forensic Sciences for DNA testing, arguing that such analysis would prove his "factual innocence." *Id*. at 7-8.

---

[4] Section 15-18-200 pertains to motions for forensic DNA testing and analysis by persons convicted of a capital offense and provides, in pertinent part:

> An individual convicted of a capital offense who is serving a term of imprisonment or awaiting execution of a sentence of death, through written motion to the circuit court that entered the judgment of sentence, may apply for the performance of forensic deoxyribonucleic acid (DNA) testing on specific evidence, if that evidence was secured in relation to the investigation or prosecution that resulted in the conviction of the applicant, is still available for testing as of the date of the motion,

The trial court issued an order stating that it intended to treat Lloyd's request for DNA testing as a Rule 32 petition and directing the State to respond. The State filed a response in August 2012, arguing, among other things, that Lloyd's request for DNA testing was precluded by Rule 32.2(b) (precluding successive Rule 32 petitions) and Rule 32.2(c) (providing the limitation period for filing a Rule 32 petition) because it failed to satisfy the requirements for newly discovered material facts in Rule 32.1(e).[5]  *Id*. at 17-22.  Specifically, the State argued that Lloyd knew, at the

---

      forensic DNA testing was not performed on the case at the time of the initial trial, and the results of the forensic DNA testing, on its face, would demonstrate the convicted individual's factual innocence of the offense convicted.  The filing of a motion as provided in this subsection shall not automatically stay an execution.

§ 15-18-200(a), Ala. Code 1975.

[5] Rule 32.1(e) provides:

      Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:

      ….

      (e)  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

      (1)  The facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

      (2)  The facts are not merely cumulative to other facts that were known;

      (3)  The facts do not merely amount to impeachment evidence;

      (4)  If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and

time of trial, that he had not provided a DNA sample for testing and knew that the rape kit had not been presented as evidence against him. *Id*. In addition, the State argued that § 15-18-200, Ala. Code 1975, applies only to defendants convicted of capital offenses and that the proper avenue for defendants, like Lloyd, convicted of noncapital offenses to seek DNA testing in the post-conviction context is through a Rule 32 petition. Doc. No. 8-17 at 32-34.

On January 22, 2013, the trial court issued an order finding:

> Treating the Defendant's Request as a Motion pursuant to Ala. Code § 15-18-200, the Court finds that the Defendant is not entitled to relief and the Motion is due to be DENIED.
>
> However, if the Defendant is pursuing his request as a Petition for Relief from Conviction or Sentence, this is a successive Petition and is precluded by Rule 32.2(b), Rule 32.2(a)(3), Rule 32.2(a)(5), Rule 32.2(c), and Rule 32.6(b), and is hereby DISMISSED.

Doc. No. 8-17 at 35-36.

Lloyd appealed, arguing that his request for DNA testing was a proper motion under § 15-18-200, Ala. Code 1975, that the trial court erred in treating his motion as a Rule 32 petition, and that he was entitled to DNA testing of the rape kit in his case to prove his innocence. *See* Doc. No. 8-18. In a published opinion issued on October 4, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment, holding:

---

> (5) The facts establish that the petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that the petitioner received.

Ala.R.Crim.P. 32.1(e).

1. Contrary to Lloyd's argument, § 15-18-200, Ala. Code 1975, applies only to defendants convicted of capital offenses and therefore does not apply to Lloyd, who was not convicted of a capital offense.[6]

2. Rule 32 of the Alabama Rules of Criminal Procedure is the proper avenue for individuals convicted of noncapital offenses to seek DNA testing.

3. Post-conviction requests for DNA testing by noncapital defendants should be made within the confines of "newly discovered material facts" under Rule 32.1(e).

4. Lloyd failed to satisfy Rule 32.1(e)(1)'s requirement that he was unaware of the facts relied upon, or could not have discovered them through exercising reasonable diligence, at the time of trial or sentencing or in time to file a post-trial motion under Ala.R.Crim.P. 24, or in time to be included in any previous collateral proceedings. Specifically, Lloyd did not establish that he was unaware of the existence of the rape kit or that he could not have had the rape kit tested by any of those times, or that he could not have discovered the existence of the rape kit or obtained DNA testing of the rape kit by any of those times through exercising reasonable diligence.

5. Because Lloyd failed to satisfy the requirements of Rule 32.1(e)(1), his claim was subject to the grounds of preclusion in Rule 32.2, specifically,

---

[6] The Alabama Court of Criminal Appeals noted that, in objecting to the trial court's treatment of his request for DNA testing as a Rule 32 petition, Lloyd had relied on *Searcy v. State*, 77 So.3d 174 (Ala. Crim. App. 2011), for the proposition that § 15-18-200 had been "modified" by the Alabama Supreme Court and was no longer limited to "death-row" inmates. According to Lloyd, Searcy was convicted of rape and sodomy and was serving a life sentence and was permitted to file a post-conviction motion for DNA testing pursuant to § 15-18-200. The Alabama Court of Criminal Appeals held that Lloyd's reliance on *Searcy* was misplaced:

> First, *Searcy* was an opinion from this Court, not from the Alabama Supreme Court as Lloyd alleged. Most importantly, however, Searcy "was convicted of capital murder for murdering Rory Lynn Kirkland during the course of a burglary," not of rape and sodomy as Lloyd argued. *Searcy,* 77 So.3d at 175. Therefore, this Court's opinion in *Searcy* did not modify the plain language in § 15-18-200 limiting it solely to individuals convicted of a capital offense.
>
> Lloyd, having been convicted of rape and sodomy and not of a capital offense, is clearly not within the category of individuals permitted to request DNA testing pursuant to § 15-18-200. Additionally, there is no specific statute providing an avenue for an individual convicted of a noncapital offense to seek DNA testing in the post-conviction context.

*Lloyd v. State*, 144 So. 3d 510, 513-14 (Ala. Crim. App. 2013).

7

>Rules 32.2(a)(3) and (a)(5) (precluding claims that could have been, but were not, raised at trial and on appeal); Rule 32.2(b) (precluding successive Rule 32 petitions); and Rule 32.2(c) (providing the limitation period for filing a Rule 32 petition).

*Lloyd v. State*, 144 So.3d 510 (Ala. Crim. App. 2013) (Doc. No. 8-20).  Lloyd applied for rehearing, and on December 13, 2013, the Alabama Court of Criminal Appeals overruled his application for rehearing.  *See* Doc. No. 8-15 at 1-2; Doc. No. 16-2.  Lloyd did not seek certiorari review in the Alabama Supreme Court, and on January 2, 2014, the Alabama Court of Criminal Appeals issued a certificate of judgment.  Doc. No. 8-15 at 2.

On July 28, 2014, Lloyd initiated this federal habeas action by filing a § 2254 petition asserting the following claims:

1. The trial court violated his due process rights by privately contacting the court-appointed psychologist and instructing him to change his evaluation of Lloyd's competence to stand trial.

2. DNA testing of the rape kit collected in his case would prove his innocence of the crimes of which he was convicted; therefore, the trial court should have granted his post-conviction request for DNA testing of the rape kit.

Doc. No. 1 at 5-7.

The respondents argue that Lloyd's claims are procedurally defaulted because he failed to present them to the state courts under the State's procedural rules and they were not subjected to one complete round of state court appellate review.  Doc. No. 8 at 8-12.  After consideration of the parties' submissions, the record, and the pertinent law, the undersigned finds that Lloyd is not entitled to habeas relief because his claims are procedurally barred from federal review; therefore, his § 2254 petition should be denied without an evidentiary hearing.  *See* Rule 8(a) of the Rules Governing Section 2254 Cases in United States District Courts.

## II.  DISCUSSION

**A.  Procedural-Default Doctrine**

1. ***Exhaustion Requirement***

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 and 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

2. ***"Adequate and Independent State Ground" for Denying Relief***

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3. Exceptions to Procedural Default

A habeas petitioner can escape the procedural-default doctrine either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *United States v. Frady*,

456 U.S. 152, 170 (1982).  To establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.  Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."  *Schlup,* 513 U.S. at 327.

**B.  Lloyd's Claims Are Procedurally Defaulted.**

*1.  Trial Court's Alleged Contact with Court-Appointed Psychologist*

In his § 2254 petition, Lloyd claims that the trial court violated his due process rights by privately contacting the court-appointed psychologist and instructing him to change his evaluation of Lloyd's competence to stand trial.  Doc. No. 1 at 7.  Lloyd raised this claim on direct appeal, where the Alabama Court of Criminal Appeals held the claim was not preserved for appellate review.  The appellate court stated:

> Lloyd contends that the trial court abused its discretion in privately contacting Dr. Kirkland [the court-appointed psychologist] and, Lloyd asserts, "instructing [him] to change the evaluation report without reevaluating" Lloyd.  (Appellant's brief at p. 3.)  The record shows that this issue was not raised in Lloyd's motion for new trial nor was it otherwise raised before the trial court.
>
> "'An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.'"  *Dickey v. State*, 901 So.2d 750, 756 (Ala. Crim. App. 2004), quoting *Pate v. State*, 601 So.2d 210, 2013 (Ala. Crim. App. 1992).  Because this issue was not raised before the trial court, it is not properly preserved for appellate review.

Doc. No. 8-8 at 9-10.

Here, the Alabama Court of Criminal Appeals denied review of Lloyd's claim on the adequate and independent state procedural ground that issues not raised in the lower court cannot be raised for the first time on direct appeal.  This procedural bar is firmly established and regularly

followed by Alabama appellate courts.[7]  *See, e.g., Cooper v. State*, 913 So. 2d 1150, 1156 (Ala. Crim. App. 2005); *Ray v. State*, 527 So.2d 166, 167-68 (Ala. Crim. App. 1987); *Smith v. State*, 393 So. 2d 529, 532 (Ala. Crim. App. 1981).  Because the Alabama Court of Criminal Appeals stated clearly and expressly that its judgment rested on a procedural bar, Lloyd's claim is procedurally defaulted for purposes of federal habeas review.[8]  *Atkins*, 965 F.2d at 955.

Lloyd does not attempt to demonstrate cause for his failure to present his defaulted claim to the state courts in compliance with applicable procedural rules.  *See Murray*, 477 U.S. at 488; *Frady*, 456 U.S. at 170.  Nor has he established a "fundamental miscarriage of justice."  *Schlup*, 513 U.S. at 324-27.  That alternative method of escaping procedural default requires a colorable showing of actual innocence, which Lloyd has not made.  *Schlup* requires that a petitioner asserting his actual innocence support his claim "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  513 U.S. at 324.

The record reflects that Lloyd was aware at the time of trial of the existence of the rape kit, for which he waited over five years after trial before requesting DNA testing.  Therefore, regarding his alleged actual innocence, he has not offered evidence that is "new."[9]  Moreover, Lloyd's claim

---

[7] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

[8] It may also be noted that, following this procedural default, Lloyd further defaulted, by non-exhaustion, when he filed no application for rehearing on direct appeal and did not file a petition for writ of certiorari in the Alabama Supreme Court.

[9] The Eleventh Circuit has not directly decided whether evidence available at trial but simply not presented should be considered "new" under *Schlup*.  *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1018 n.21 (11th Cir. 2012) (declining to reach issue but discussing decisions from other circuits, some holding that evidence is not "new" under *Schlup* if it was

of actual innocence is based on the speculative possibility that DNA testing of the rape kit might reveal potentially exculpatory evidence. *See, e.g.*, *Cummings v. Dovey*, 2008 WL 4664975, at *5 (C.D. Cal. 2008) (finding that claim based on the assertion that DNA testing that had yet to be performed would have revealed another culprit was speculative and did not constitute the "reliable new evidence" needed to support an actual innocence claim); *Williams v. Hines*, 2013 WL 5960673, at *12 (E.D. La. 2013) (because petitioner could only speculate that additional DNA testing would produce favorable or exculpatory results, he failed to present new, reliable evidence to establish his actual innocence). Based on the record, there is no reason to believe that DNA testing would not prove inculpatory as to Lloyd rather than exculpatory. Moreover, even if such testing of the evidence were to be conducted, it would not necessarily lead to Lloyd's exoneration as a matter of fact, because even test results that indicated negative for the presence of Lloyd's DNA would not establish Lloyd's factual innocence.[10]

Because Lloyd does not establish that either the cause-and-prejudice or actual-innocence exception applies to his defaulted claim, the claim is foreclosed from federal habeas review.

### 2. *Post-Conviction Request for DNA Testing of Rape Kit*

---

available at trial but petitioner chose not to present it to the jury, others holding that evidence is "new" under *Schlup* so long as it was not presented at trial). In any case, even if Lloyd's unpresented evidence is considered "new" under *Schlup*, that evidence, as discussed in this Recommendation, does not enable Lloyd to carry his burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *See Schlup,* 513 U.S. at 327.

[10] Lloyd's victim, the daughter of his former girlfriend, testified against him at trial, providing details about his sexual attack on her one evening when she was left in his care when she was ten years old. Doctors and counselors who treated the victim at the hospital after she reported the incident, and in later counseling sessions, determined that she had been sexually abused. Doctors discovered injuries to the victim's vagina and anus consistent with sexual assault.

Lloyd claims that DNA testing of the rape kit collected in his case would prove his innocence of the crimes of which he was convicted and that, therefore, the trial court should have granted his post-conviction request for DNA testing of the rape kit. Doc. No. 1 at 5.

In the self-styled "Motion/Request for Forensic DNA Testing" that he filed in April 2012 - over five years after his trial - Lloyd alleged for the first time that DNA testing of the rape kit would prove his factual innocence. On appeal from the trial court's denial of Lloyd's motion, the Alabama Court of Criminal Appeals held that because Lloyd was a "noncapital defendant" requesting DNA testing, his motion was properly construed as petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure (and not a motion under § 15-18-200, Ala. Code 1975, as Lloyd had argued[11]), and that a request for such relief through a Rule 32 petition should be made within the confines of "newly discovered material facts" under Rule 32.1(e). *Lloyd*, 144 So.3d at 515-16. The Alabama Court of Criminal Appeals found that Lloyd failed to satisfy Rule 32.1(e)(1)'s requirements that the facts relied on indeed be newly discovered and not previously discoverable through exercising reasonable diligence:

> Lloyd did not allege in his petition that he was unaware of the existence of the rape kit performed on P.P. or that he could not have had the kit tested for DNA at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, Ala.R.Crim.P., or in time to be included in any previous collateral proceeding, and that he could not have discovered the existence of the rape kit or obtained DNA testing of the rape kit by any of those times through the exercise of reasonable diligence. *See* Rule 32.1(e)(1). Lloyd also did not allege in his petition that his request for DNA testing was based on new technological improvements in DNA testing that were not available at the time of his trial, at the time of his sentencing, at the time of any posttrial motion, or at the times he filed his previous Rule 32 petitions.

---

[11] The Alabama Court of Criminal Appeals stated that § 15-18-200 applies to requests for DNA testing only by defendants convicted of capital offenses. *Lloyd*, 144 So.3d at 515.

14

*Lloyd*, 144 So. 3d at 517. The court observed, "it is clear that Lloyd was well aware of the existence of the rape kit before his trial – the rape kit was specifically mentioned during a pretrial hearing." *Id*.

Upon finding that Lloyd failed to satisfy the requirements of Rule 32.1(e)(1), the Alabama Court of Criminal Appeals held that his request for DNA testing was subject to the various grounds of preclusion in Rule 32.2. *Id*. Because it was clear that Lloyd knew about the rape kit before trial, the Alabama Court of Criminal Appeals found that Lloyd's request was "precluded by Rule 32.2(a)(3) and (a)(5) because it could have been, but was not, raised and addressed at trial and on appeal." *Id*. The court went on:

> Moreover, because this is Lloyd's third Rule 32 petition, his request is precluded by Rule 32.2(b) as successive. Although it is unclear from this Court's records whether or not Lloyd requested DNA testing in his second petition, under the circumstances in this case, that does not prohibit our application of Rule 32.2(b). If Lloyd did request DNA testing in his second petition, his current request is precluded under the provision in Rule 32.2(b) that "[t]he court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner." If Lloyd did not request DNA testing in his second petition, then his current request is precluded under the provision in Rule 32.2(b) that "[a] successive petition on different grounds shall be denied unless" (1) the new grounds are jurisdictional or (2) the petitioner establishes that "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice." A request for DNA testing as a newly-discovered-material-facts claim is not jurisdictional, and Lloyd failed to allege in his petition good cause for not making his request for DNA testing in either of his two previous petitions.
>
> Finally, Rule 32.2(c) provides:
>
> "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within

15

> one (1) year after the time for filing an appeal lapses; provided, however, that the time for filing a petition under Rule 32.1(f) to seek an out-of-time appeal from the dismissal or denial of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal or denial, irrespective of the one-year deadlines specified in the preceding subparts (1) and (2) of this sentence; and provided further that the immediately preceding proviso shall not extend either of those one-year deadlines as they may apply to the previously filed petition. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the one-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987."
>
> Lloyd's petition was filed over four years after this Court issued the certificate of judgment finalizing his convictions and, as noted above, it is clear that Lloyd was aware of the existence of the rape kit before his trial began. Therefore, his request for DNA testing was also clearly time-barred by Rule 32.2(c).

*Id*. at 517-18 (footnote omitted).

Thus, the Alabama Court of Criminal Appeals stated clearly and expressly that its judgment rested on the procedural bars found in Ala.R.Crim.P. 32.2(a)(3) and (a)(5), 32.2(b), and 32.2(c). These procedural bars are firmly established and regularly followed by Alabama appellate courts. *See, e.g., Tucker v. State*, 696 So.2d 1170, 1171-73 (Ala. Crim. App. 2006) (Rules 32.2(a)(3) and (a)(5) and 32.2(c)); *Horsley v. State*, 675 So. 2d 908, 909 (Ala. Crim. App. 1996) (Rules 32.2(a)(3) and (a)(5), 32.2(b), and 32.2(c); *Brownlee v. Haley*, 306 F.3d 1043, 1065-66 (11th Cir. 2002) (regarding Rules 32.2(a)(3) and (a)(5): "If an Alabama court has denied post-conviction relief based on the petitioner's failure to raise a claim at trial or on direct appeal, a federal Court cannot review that claim unless" the cause-and-prejudice or actual-innocence exception applies); *Whitt v. State*, 827 So. 2d 869, 875-76 (Ala. Crim. App. 2001) (Rule 32.2(b)); S*iebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006) (regarding Rule 32.2(c)); *Hurth v. Mitchem*, 400 F.3d 857, 863 (11th

Cir. 2005) (same); *Kuenzel v. Commissioner, Ala. Dep't of Corrs.*, 690 F.3d 1311, 1314 (11th Cir. 2012) (same). Lloyd's claim is therefore procedurally defaulted for purposes of federal habeas review. *Atkins*, 965 F.2d at 955. Because, as with his first claim, Lloyd does not establish that either the cause-and-prejudice or actual-innocence exception applies to his defaulted claim, the claim is foreclosed from federal habeas review.[12]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before November 4, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 20th day of October, 2016.

---

[12] As with his first claim, Lloyd further defaulted this claim by non-exhaustion when he did not file a petition for writ of certiorari in the Alabama Supreme Court after the Alabama Court of Criminal Appeals affirmed the denial of his Rule 32 petition.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE